# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISABEL TUBACH,<br><br>    Plaintiff,<br><br>v.<br><br>JERRY BROWN et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:11-cv-1476-LJO-MJS (PC)<br><br>FINDINGS AND RECOMMENDATION FOR DISMISSAL OF PLAINTIFF'S COMPLAINT<br><br>(ECF No. 1) |

Plaintiff Isabel Tubach ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed this action on August 26, 2011. (ECF No. 1.) Plaintiff's Complaint is before the Court for screening.[1]

**I.  SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion

---

[1] The Court judicially notices that Plaintiff has filed in excess of seventy-five (75) other federal complaints similar in character to the present.

thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).  A claim is legally frivolous when it lacks an arguable basis in either law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

## II.   SUMMARY OF COMPLAINT

Plaintiff is housed at the Central California Women's Facility.  Plaintiff has named the following individuals as defendants: 1) Jerry Brown[2], 2) M. Guzman, an 3) R. Mitchell.

Plaintiff alleges as follows:

Defendants have denied her a biopsy on her tongue.  (Compl. at 3.)  Plaintiff has cancer spreading to her mouth and has been asking for a biopsy for over a year.  (Id.)  A "Doctor K" ordered the biopsy weeks ago, but Defendant Mitchell denied it.  (Id.) Defendant Guzman is victimizing Plaintiff because he or she is part of a conspiracy to murder Plaintiff.  (Id.)  Plaintiff asks that she be allowed to receive treatment for her cancer and that Defendant Guzman stop putting "poisonous-substances" down her nose.  (Id.) Plaintiff also asks for nitroglycerin.  (Id.)

---

[2] Plaintiff apparently refers to the current governor of California.

1   Plaintiff has complained to Defendant Brown about Defendant Guzman's conduct,
2 about Defendant Guzman preventing doctors from doing a biopsy on her tongue, and
3 requesting an "ice chrono" that relieves the burning in Plaintiff's tongue  (Id. at 4)
4 Defendant Brown has ignored her requests. (Id.) Defendant Brown has given Defendant
5 Guzman authority to run the prison, and Defendant Guzman has been harassing Plaintiff
6 for 10 years in a "sadistic" and "inhuman" way. (Id. at 5.) Governor Brown has Plaintiff
7 watched because she works in "Central Intelligence American (C.I.A.) it is deny [her] equal
8 protection at laws and cruel and unusual punishment. He has violate [her] federal rights."
9 (Id.)

10   Defendant Guzman has caused Plaintiff emotional distress, mental anguish, and
11 sent Plaintiff roommates to "put a poisonous-substance in [her] nose to cause [her]
12 physical pains like a physical torture." (Id. at 6) One roommate was a sex-partner of
13 Defendant Guzman, and the other two roommates are mentally ill. (Id.) Defendant
14 Guzman has Plaintiff "under hypnotism" and "they"[3] abuse Plaintiff and take advantage of
15 her. (Id.) Defendant Guzman's treatment has resulted in Plaintiff suffering two heart
16 attacks. (Id. at 7) Plaintiff has informed the prison authorities of Defendant Guzman's
17 actions, but they cannot stop him because Defendant Brown is the only one with authority
18 to do so. (Id.)

19   Defendant Mitchell was named as the chief doctor by Defendant Guzman. (Id.)
20 Defendant Mitchell has stopped Plaintiff from receiving nitroclycerine for her chest pain.
21 (Id. at 7-8.) He ordered the nurses to give her six tablets, but they only give her three.
22 According to Plaintiff, this was "an attempt to murder." (Id. at 8.) Defendant Guzman has
23 also given poison to the person who pushes Plaintiff in her wheelchair. (Id.) A "Felix and
24 Vigil" poisoned Plaintiff in the medicine line, doctors line, and dinning room. (Id.)
25 Defendant Guzman's "officers sex-partner has to put the poison before [orgies]." (Id.) He[4]
26
27   [3] Plaintiff appears to be referring to the roommates and Defendant Guzman.
28   [4] Plaintiff appears to be referring to Defodant Guzman.

-3-

instructed the staff in the kitchen to not give her peanut butter, even though it is the only food Plaintiff can eat. (Id. at 9) The roommates also take the food from Plaintiff's hands. It is "a conspiracy to murder [her]." (Id..)

Plaintiff previously sent a complaint to United States District Court in the Eastern District of California in Fresno, California, against Defendant Guzman. (Id.) Plaintiff sent the Complaint on June 10, 2011, but Defendant Guzman stopped it and sent it on June 22, 2011. (Id.)

Plaintiff asks the Court to order Defendant Mitchell to order a biopsy, since Plaintiff can barely eat. (Id. at 10) Plaintiff also asks for an "ice chrono" to relieve the burning in her tongue. (Id.)

## III.   ANALYSIS

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir.1987).

Plaintiff primary claim appears to fall within the framework of an Eighth Amendment claim for inadequate medical care against Defendants Brown, Guzman, and Mitchell. She also appears to allege a First Amendment claim against Defendant Guzman for interfering with her access to the courts. Lastly, she could be said to be attempting to allege an Eighth Amendment claim against Defendants Brown and Guzman for cruel and unusual punishment.

Based upon the pleading before it, this Court can conclude only that Plaintiff's

claims are legally frivolous. A claim is legally frivolous when it lacks an arguable basis in either law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Plaintiff's claims lack an arguable basis in fact. The following allegations are fantastic:

1. Defendant Guzman is part of a conspiracy to murder Plaintiff (one where the alleged conspirators' identity, motivation and methods are not even suggested). (Compl. at 3.)

2. Defendant Guzman is putting "poisonous-substances" down her nose. (Compl. at 3.)

3. Defendant Guzman has been harassing Plaintiff for 10 years in a "sadistic" and "inhuman" way. (Compl. at 5.)

4. Governor Brown has allowed Defendant Guzman to abuse Plaintiff because Plaintiff works in "Central Intelligence American (C.I.A.)". (Compl. at 5.)

5. Defendant Guzman assigned Plaintiff roommates (one a sex partner of Guzman and the other two mentally ill) with instructions to "put a poisonous-substance in [her] nose to cause [her] physical pains like a physical torture." (Compl. at 6.)

6. Defendant Guzman has Plaintiff "under hypnotism" and "they"[5] abuse Plaintiff and take advantage of her. (Compl. at 3.)

7. Defendant Mitchell has given Plaintiff less nitroglycerin than she needs because he is attempting to murder her. (Compl. at 8.)

8. Defendant Guzman has given poison to the person who pushes Plaintiff in her wheelchair. (Compl. at 8.)

9. An otherwise unidentified "Felix and Vigil" poisoned Plaintiff in the medicine line, doctors line, and dinning room. (Compl. at 8.)

10. Defendant Guzman's "officers sex-partner has to put the poison before [orgies]." (Compl. at 8.)

---

[5] Plaintiff appears to be referring to the roommates and Defendant Guzman.

11. He[6] instructed the staff in the kitchen to not give her peanut butter, even though it is the only food Plaintiff can eat. (Compl. at 9.)

Given Plaintiff's history of filing Complaints such as this and the absolute incredibility of almost all of current allegations, even those which otherwise might potentially exhibit some connection with reality should be disregarded as having no arguable basis in fact.

Plaintiff is charged with the obligation of setting forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). A claim is legally frivolous when it lacks an arguable basis in either law or fact. Plaintiff has failed to meet this pleading requirement. Plaintiff's claims as asserted lack an arguable basis in fact. They should be dismissed without leave to amend on the grounds they are legally frivolous. Neitzke, 490 U.S. at 325.

## IV. **CONCLUSION AND RECOMMENDATION**

The Court finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted. Although the Court is typically required to allow a plaintiff the opportunity to amend her pleading to address the deficiencies noted by the Court during screening, the Court finds that amendment would be futile in this case. For the reasons stated above, the Court finds that Plaintiff's Complaint fails to set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's Complaint be dismissed, with prejudice, for failure to state a claim under section 1983 and that Plaintiff not be given leave to amend.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a

---

[6] Plaintiff appears to be referring to Defendant Guzman.

1  document should be captioned "Objections to Magistrate Judge's Findings and
2  Recommendations." Any reply to the objections shall be served and filed within ten days
3  after service of the objections. The parties are advised that failure to file objections within
4  the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Y1</u>
5  <u>st</u>, 951 F.2d 1153 (9th Cir. 1991).

9  IT IS SO ORDERED.
10 Dated:   October 4, 2011                    /s/ *Michael J. Seng*
                                               UNITED STATES MAGISTRATE JUDGE